

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Jack Borden, County Attorney
Parker County
Weatherford, Texas

Dear Sir:.

Opinion No. O-1329
Re: Does a plan whereby a theatre
buys the fingerprint of a citizen
of the community as outlined by a
copy of the proposed method of
operation violate any provision
of the Constitution or laws of
Texas?

Your request for an opinion on the above stated ques-
tion has been received by this department.

The plan whereby a theatre buys the fingerprint of a
citizen of the community and the method of operation is sub-
stantially as follows:

"The theatre places a table in the front lobby
near the sidewalk, there the autograph cards are kept
together with a pad of special fingerprint ink where
the public can sign the card, with their address, and
make their fingerprints on the place provided for it.
The card then goes in a file with other cards already
signed and fingerprinted. The people signing these
cards are not required to buy an admission ticket nor
attend the theatre in order to sign and fingerprint.

"On a designated night set aside each week by the
theatre for FINGERPRINT NIGHT, the file with all the
signed and fingerprinted cards are taken to the stage
of the theatre where someone is selected from the
audience or in case of some one being familiar with fin-
gerprints being appointed to make a selection of one
fingerprint he thinks is the best or has some particular
characteristic he favors. The fingerprint being on the
back side of the card and the name on the front side
shows that this selection is made from the fingerprint
only and not the individual name. This card is then
handed to a second person on the stage who turns the
card over and calls the name of the autograph appearing
thereon. If this person whose name is called comes for-

Hon. Jack Borden, Page 2

ward to the stage within three minutes from the time the name is called and identifies his autograph and fingerprint, they are then paid the weekly amount posted by the theatre for the purchase of the finger-print and they are requested to sign a card giving the theatre the right to purchase this fingerprint and use it for their files only except in the case where it may be necessary to use for identification caused by some accident or otherwise. If this person whose name was called is not there, within the designated time, to identify his autograph, fingerprint and sign the card to permit the theatre to make the purchase as stated, this weekly amount set aside by the theatre to purchase the fingerprint is carried forward to the next week and then at that time it is added to the regular weekly amount set aside for each week and so on until a purchase is actually made of a fingerprint.

"The theatre has the right to hold all fingerprints given in their files at the theatre except as stated above in case of accidents, and the right to use those purchased for educational purposes only.

"Children under 14 years of age do not participate.

"Each person who sells the right to use their finger-print under this method shall sign the card giving the theatre the right to purchase same and place it in the files with the others purchased and a purchase cannot be made if this card is not signed at the proper time."

Article 654 of the Penal Code reads as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not less than ten nor more than fifty dollars."

We quote from Tex. Jur., Vol. 28, p. 409, as follows:

"The term lottery has no technical signification in the law, and since our statute does not provide a defini-tion, its meaning must be determined from popular usage. According to that test a lottery is a scheme for the dis-tribution of prizes by lot or chance among those who have paid or agreed to pay a consideration for the right to participate therein, or the distribution itself. . . ."

Hon. Jack Borden, Page 3

See the cases of --

State vs. Randle, 41 Texas 292;
Featherstone vs. Independent Service Station
Association of Texas, 10 S.W. (2d) 124;
Fulbright vs. State, 38 S.W. (2d) 87.

In the case of Featherstone vs. Independent Service
Station Association, supra, the court defined a lottery as
follows:

"A lottery for all practical purposes may be de-
fined as any scheme for the distribution of prizes, by
lot or chance, where one on paytg money or giving other
thing of value to another obtains a token which entitled
him to receive a larger or smaller value or nothing, as
some formula or chance may determine."

The Federal Circuit Court of Appeals in the case of Peek
v. United States, 61 F. (2d) 973, has given the following defini-
tion of a lottery:

"A scheme for the distribution of prizes or things
of value by lot or chance among persons who have paid
or agreed to pay a valuable consideration for the
chancekto obtain a prize. And again, a scheme by which
a result is reached by some action or means taken, in
which result man's chdce or design enable him to know or
determine . . . until the same has been accomplished."

The case Boatwright vs. State, 38 S.W. (2d) 87, defines
a lottery as:

"Any scheme for distribution of prizes by chance."

The case of Griffith Amusement Co. vs. Morgan, 98 S.W.
(2d) 844, holds the elements essential to consitute a lottery are
a prize in money or other thing of value, its distribution by
chance in payment, either directly or indirectly, of a valuable
consideration for the chance to win the prize.

The case of State vs. Randle, supra, holds that any
scheme for the distribution of prizes by chance is lottery and
it matters not by what name such a scheme may be known. It
comes within the prohibition of Article 654 of the Penal Code.

Hon. Jack Borden, Page 4

In the case of City of Wink vs. Griffith Amusement Co., 100 SW (2d) 695, the court said that the necessary elements of are:

"Offering of a prize, award or prize by chance, and giving of consideration for opportunities to win prize."

The above mentioned requirement that the winner appear and claim the prize within three (3) minutes from the time his name is announced at the theatre, undoubtedly operates as a tremondous pressure on any one desiring to participate to pay the price of admission. That is undoubtedly the purpose, and it is equally obvious that the award is made out of funds accumulated from paid admissions. In short, the plan is a violation of Article 654 of the Penal Code.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the above mentioned scheme or plan whereby a theatre buys the fingerprints of a citizen of the community as above outlined is a violation of Article 654 of the Penal Code.

Trusting that we have satisfactorily answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/ Ardell Williams
                  Assistant
*Ardell Williams*

AW:OB

APPROVED SEPTEMBER 7, 1939
*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

Approved: Opinion Committee
by BWB, Chairman